Hon. Timothy Dore
Chapter 11, Subchapter V
Location: Seattle – Courtroom 8106
Hearing Date: February 13, 2026
Hearing Time: 9:30 a.m.
Response Date: Before or At Time of Hearing

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>LOIS MIRIAM, LLC,<br><br>    Debtor. | NO. 26-10402-TWD<br><br>**EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL** |

Lois Miriam, LLC ("**Lois**" or the "**Debtor**"), by and through its undersigned counsel, hereby moves the Court to grant this Motion and enter an order granting emergency authorization, on an interim basis, for Debtor's use of cash collateral for the ordinary and necessary operational expenses, pending a final hearing to be held not less than 14 days after service of this Motion. This Motion is made pursuant to Section 363(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 4001(b) and (d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001-3, and 9013-1(d)(2)(E) of the Local Rules of Bankruptcy Procedure for the Western District of Washington (the "**Local Rules**").

//

//

EMERGENCY MOTION FOR ORDER AUTHORIZING
INTERIM USE OF CASH COLLATERAL - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 26-10402-TWD Doc 11 Filed 02/11/26 Ent. 02/11/26 15:36:33 Pg. 1 of 10

# I. EVIDENCE RELIED UPON

This Motion relies on the *Declaration of Brian Smith* (the "**Smith Decl.**") submitted contemporaneously herewith, any exhibits attached thereto, and the pleadings and papers on file with this Court. The Debtor reserves the right to introduce additional evidence as may be required by this Court at, or prior to, the hearing on this Motion.

# II. JURISDICTION AND VENUE

This Court has jurisdiction to consider this Motion under 28 U.S.C. § § 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtor consents to the entry of a final order by the court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

# III. FACTUAL BACKGROUND

## A. The Debtor and its Business.

Since 2021, the Debtor has operated a restaurant-style cocktail bar under the name Bar Miriam and wine-retail business under the name Queen Anne Bottle Shop (the "**Business**"). *Smith Decl.* at ¶ 3. Bar Miriam and Queen Anne Bottle Shop share a location at 307 W McGraw Street, Seattle, Washington 98119. The Debtor continued to operate the Business through the COVID-19 pandemic, which placed significant strain on the company's financial health.

## B. Events Leading to Bankruptcy

In the years leading up to filing the Petition, the Debtor experienced a combination of operational and financial challenges that materially impaired its liquidity and ability to meet ongoing obligations as they came due. *Id*. at ¶ 4. These challenges included lasting effects from COVID-19 shutdowns, rising labor, food, and occupancy costs, persistent inflationary pressures, and disruptions to consumer demand that negatively impacted revenues. *Id*. Despite efforts to control expenses, renegotiate obligations, and explore alternative financing and strategic options, cash flow constraints worsened, leaving the Debtor unable to service debt and maintain adequate

MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206.587.0700 fax 206.587.2308

4930-7942-5165, v. 2

working capital. *Id*. Prior to filing for bankruptcy, the Debtor sought financing in the form of merchant cash advances ("**MCAs**") to maintain the working capital necessary for its business operations. *Id.* However, declining consumer demand and the high effective interest rates associated with the MCAs significantly reduced net revenue, ultimately leaving the Debtor with no alternative but to seek bankruptcy protection. *Id*.

As a result of the MCAs and lack of working capital, the Debtor was forced to seek relief under Chapter 11, Subchapter V of the Bankruptcy Code in order to preserve value, stabilize operations, and pursue an orderly restructuring. *Id*. at ¶ 5.

**C.      Procedural Background**

The Debtor filed a petition (the "**Petition**") under Chapter 11, Subchapter V on February 9, 2026 (the "**Petition Date**") to prevent its assets from being liquidated, and to preserve and maintain the value of Debtor as an operating entity for the benefit of all creditors, and to continue operating the Business. Dkt. No. 1; *Id*. at ¶ 6. The Debtor is now operating its business and managing its affairs as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108. *Id*.

**D.      The Debtor's Cash Collateral Position**

As of the Petition Date, Debtor's cash amounts were $44,124.09, with no accounts receivable or cash equivalents. *Id*. at ¶ 7. Accordingly, on the Petition Date, and as a going concern, Debtor's cash collateral was estimated to be valued at $44,124.09 (the "**Cash Collateral**"). *Id*.

**E.      The Secured Lender**

**1.      OnDeck**

ODK Capital, LLC dba OnDeck ("**OnDeck**") originated a loan to the Debtor in the amount of $180,000 on April 23, 2025 (the "**OnDeck Loan**"). *Id*. at ¶ 8. OnDeck filed UCC-1 Financing Statement on April 24, 2025 (No. 2025-114-5300-3) (the "**OnDeck UCC**"). *Id*.; <u>Ex. A</u>. As of the Petition Date, the Debtor owes approximately $75,000 on the OnDeck Loan. *Id*. Based on an initial analysis, OnDeck is the senior secured creditor on the assets of Debtor and the only secured creditor with realizable value in its collateral. *Id*.

MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4930-7942-5165, v. 2

### 2. Vox Funding

Vox Funding LLC ("**Vox**") originated a *Future Receipts Sale Agreement* dated to the Debtor in the amount of $99,000 on September 9, 2025 (the "**Vox Loan**"). *Id*. at ¶ 9. Vox filed UCC-1 Financing Statement on September 10, 2025 (No. 2025-253-3257-8) (the "**Vox UCC**"). *Id*.; Ex. B. As of the Petition Date, the Debtor owes approximately $75,000 on the Vox Loan. *Id*. Based on an initial analysis, Vox is the junior secured creditor on the assets of Debtor and does not currently have realizable value in its collateral. *Id*.

### E. Need for Cash Collateral and the Budget

The Debtor requires the immediate use of the cash proceeds of the working capital and collection of customer sales, OnDeck has a security interest in (the "**Cash Collateral**"), to continue uninterrupted operations for the benefit of its creditors and its estate, in order to avoid immediate and irreparable harm to the Business. *Id*. at ¶ 11. The Debtor seeks to use Cash Collateral in accordance with the thirteen (13) week budget attached as Exhibit C to the Smith Declaration (the "**Budget**"), with expenses being paid from revenue of the Business and funds in Debtor's operating accounts. *Id*.; Ex. C. To the extent Debtor requires additional funds to operate the Business, Debtor will seek to obtain post-petition financing after notice and hearing. *Id*. Without use of Cash Collateral, Debtor will be unable to pay its ongoing operating expenses, including payroll and payroll taxes, and will thus be unable to continue necessary operations of the Business. *Id*.

### III. ARGUMENT

### A. Debtor's Use of the Cash Collateral is Proper under § 363(c)(2).

Section 363(c) of the Bankruptcy Code provides that:

(2) The Trustee may not use, sell or lease cash collateral under paragraph (1) of this subsection unless,

(A) each entity that has an interest in such cash collateral consents; or

MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4930-7942-5165, v. 2

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

Implicit in the concept of "cash collateral" is that a creditor has an enforceable security interest in the subject collateral, with an enforceable security interest being one which debtor cannot avoid. 11 U.S.C. § 363(a); *In re Wright Group, Inc.*, 443 B.R. 795 (Bankr. N.D. Ind. 2011).

The Debtor seeks authorization to use cash collateral under 11 U.S.C. § 363(c)(2), as such use is both necessary for the continued operation of its business and proper to preserve and maximize the value of the estate. Without access to the Cash Collateral, Debtor would be unable to pay essential operating expenses such as payroll, utilities, and lease obligations, thereby jeopardizing its ability to continue as a going concern and potentially forcing liquidation. The use of the Cash Collateral is the only viable means to stabilize operations, generate revenue, and develop a confirmable plan of reorganization, all of which serve to benefit creditors, including OnDeck, with an interest in Debtor's assets.

Accordingly, Debtor respectfully requests the Court authorize the use of Cash Collateral pursuant to the terms of the proposed Interim Order filed herewith, pending a final hearing to determine whether cash collateral authorization by this Court is required.

**B.      Sufficient Cause Exists to Hear this Motion on an Emergency Basis**

Pursuant to Rule 9013-1(d)(2)(E) of the Local Rules, a cash collateral motion may be heard on an emergency basis in accordance with § 363(c)(3) of the Bankruptcy Code and Rule 4001(b) and (c) of the Bankruptcy Rules. Rule 4001(b)(2)(A) of the Bankruptcy Rules allows the court to authorize the interim use of cash collateral without a full hearing if necessary to avoid immediate and irreparable harm to the estate before a final hearing can be held. Fed. R. Bankr. P. 4001(b)(2)(A).

Sufficient cause exists to hear this Motion on an emergency basis because immediate access to funds is critical to avoiding irreparable harm to the Business and preserving the value of the estate. The Debtor faces imminent obligations, including payroll, rent, utilities, and other

MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4930-7942-5165, v. 2

essential operating expenses, that cannot be deferred without jeopardizing the continuation of the Business which is necessary for an orderly reorganization. A delay in the ability to access the Cash Collateral would likely result in the shutdown of operations, loss of customers, damage to vendor relationships, and a rapid deterioration of Debtor's accounts receivable. Such harm would not only impair Debtor's ability to reorganize but also reduce the potential recovery for all creditors, including OnDeck. Given the urgency of these circumstances and the risk of immediate and irreparable harm, expedited consideration of the motion is both warranted and necessary.

**C.      The Debtor's Proposed Budget is a Proper Use of the Cash Collateral**

The Debtor proposes to use the Cash Collateral in accordance with the Budget and pursuant to the terms and conditions set forth below:

Budget. The Debtor seeks authorization to make the expenditures provided in the Budget, and if necessary, to exceed the amounts set forth in the Budget by as much as fifteen (15%) percent more than the total. Any expenditure more than this authorization will require written approval of OnDeck or further order of the Court after appropriate notice. Savings in any week may be carried over and used by Debtor in subsequent weeks (i.e., to account for changes in the timing of expenditures by Debtor). After the expiration of the term of the Budget, or due to an unforeseen change in circumstances, Debtor will be able to obtain use of any cash collateral of OnDeck by filing and serving an amended Budget (each, an "**Amended Budget**"). If Debtor does not receive an objection to the terms of an Amended Budget within ten (10) days after the service, that certain Amended Budget will be deemed to have been approved. Substantially all the expenses listed on the Budget, or any Amended Budget, will be paid with funds held in Debtor's operating account.

Replacement Lien. As adequate protection and for Debtor's use of the cash collateral, OnDeck will be granted replacement liens in Debtor's post-petition cash, accounts receivables, and the proceeds of each of the foregoing, to the same extent and priority as any duly perfected and unavoidable liens in the Cash Collateral as of the Petition Date, limited to the amount of the

MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4930-7942-5165, v. 2

Cash Collateral as of the Petition Date, to the extent that the Cash Collateral is actually used by Debtor.

Reservation of Rights. The Debtor and all other parties in interest will reserve any and all rights that they may have to object to the claims of OnDeck and to object to the validity, priority and extent of OnDeck's lien, if any, encumbering Debtor's assets.

Financial Reporting. Upon writing request, the Debtor will provide to OnDeck interim statements and operating reports required to be submitted to the Office of the United States Trustee.

Final Hearing on this Motion. The Debtor reserves the right to seek, at the final hearing on this Motion and use of Cash Collateral different from that set forth herein.

**D.     The Use of Cash Collateral Will Benefit the Estate**

OnDeck's liens will not be diminished if Debtor is permitted to use the Cash Collateral as is requested in this Motion. To the contrary, as is explained above, Debtor will be employing the Cash Collateral to assist in the continued operations of the business.

The use of the Cash Collateral will benefit all creditors because the Cash Collateral will be used to generate income from the sale of Debtor's services and products using the assets securing the claims of OnDeck. Based on an analysis of the information provided by Debtor, the Court should approve this Motion and the Budget, and allow the use of cash collateral up to and including the date of the final hearing.

**E.     OnDeck Is Adequately Protected**

To the extent that an entity has a valid security interest in the revenues generated by property, those revenues constitute "cash collateral" under Section 363(a) of the Bankruptcy Code. Pursuant to Section 363(c)(2), a court may authorize a debtor to use a secured creditor's cash collateral if the secured creditor is adequately protected. *In re Mellor*, 734 F.2d 96, 1400 (9th Cir. 1984); see also *In re O'Connor*, 808 F.2d 1393, 1398 (10th Cir. 1987); *In re McCombs Properties VI, Ltd.*, 88 B.R. 261, 265 (Bankr. C.D. Cal. 1988).

MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL - 7

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 26-10402-TWD    Doc 11    Filed 02/11/26    Ent. 02/11/26 15:36:33    Pg. 7 of 10
4930-7942-5165, v. 2

Pursuant to the Supreme Court case of *United Savings Association v Timbers of Inwood Forest Associates*, 108 S.Ct. 626, 629 (1988) ("**Timbers**") and subsequent case law, the property interest that a debtor must adequately protect pursuant to Section 363(c)(1) and (2) of the Bankruptcy Code is only the value of the lien that secures the creditor's claim. *Id*. at 630; *see also McCombs,* at 266. Section 506(a) "limit[s] the secured status of a creditor (i.e., the secured creditor's claim) to the lesser of the allowed amount of the claim or the value of the collateral." *McCombs, Id*. at 266.

The preservation of the value of a secured creditor's lien is sufficient to provide adequate protection to a secured creditor when a debtor seeks to use cash collateral. *In re Triplett*, 87 B.R. 25 (Bankr. W.D. Tex. 1988). See also *In re Stein*, 19 B.R. 458 (Bankr. E.D. Pa. 1982). In *Stein*, the Court found that, as a general rule, a debtor may use cash collateral where such use would enhance or preserve the value of the collateral and allow the debtor therein to use cash collateral even though the secured party had no equity cushion for protection. The *Stein* Court determined that the use of cash collateral was necessary to the continued operations of Debtor, and that the creditor's secured position could only be enhanced by the continued operations of the debtor's business. *See also McCombs* (Court determined that the debtor's use of cash collateral for needed repairs, renovations and operating expenses eliminated the risk of diminution in the creditor's interest in the cash collateral and such use would more likely increase cash collateral).

Here, Debtor is seeking only to use Cash Collateral to pay ongoing expenses of the Business and pre-petition priority wages of its employees such that Debtor can continue to operate and generate revenue for creditors. The Debtor proposed replacement liens against property acquired post-petition to insure that OnDeck's liens will not be diminished if Debtor is permitted to use the Cash Collateral as is requested in this Motion. As further adequate protection the Debtor is also proposing to pay OnDeck $1,000.00 per month during the cash collateral period which approximately equates to the current payment. Smith Decl. at ¶ 12. The requested relief is therefore appropriate because these efforts can only serve to benefit all creditors of the bankruptcy estate.

MOTION FOR ORDER AUTHORIZING INTERIM USE OF
CASH COLLATERAL - 8

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4930-7942-5165, v. 2

## F. Request for Immediate Final Hearing

The Debtor requests the Court schedule a final hearing on this Motion as soon as possible in accordance with the requirements of the Bankruptcy Rules. Rule 4001 of the Bankruptcy Rules provides that the Court may commence a final hearing on this Motion no earlier than fourteen (14) days after service of the Motion. The Debtor needs to obtain final approval of the use of the Cash Collateral to assure Debtor's operations can continue. A final hearing on this Motion should be held as soon as possible after the expiration of the fourteen (14) day period provided for by Rule 4001 of the Federal Rules of Bankruptcy Procedure.

## G. Notice Was Adequately Provided

As of the filing of this Motion, no trustee, examiner or committee has been appointed in Debtor's case. Notice of this Motion will be given in accordance with Rule 4001(b)(1) of the Bankruptcy Rules and Rule 4001-3 of the Local Rules, and copies of this Motion have been served by e-mail and or overnight mail to the United States Attorney's Office (attention to the Bankruptcy Assistant), the Bankruptcy and Collections Unit for the Attorney General for the State of Washington, the Office of the United States Trustee, to OnDeck, to Vox, and by first class mail to all Debtor's creditors.

Because of the exigencies of Debtor's case and the irreparable harm to Debtor, its Chapter 11 estate, and all parties in interest that would ensue if the relief requested herein is not granted, Debtor submits that no further notice need be given.

## IV. CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court approve, on an interim basis and pending a final hearing, Debtor's use of Cash Collateral for its ordinary and necessary operational expenses as set forth in the Budget.

//

//

//

MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL - 9

4930-7942-5165, v. 2

DATED this 11th day of February, 2026.

CAIRNCROSS & HEMPELMANN, P.S.

/s/ *Ryan R. Cole*
Steven M. Palmer, WSBA No. 48823
E-mail: spalmer@cairncross.com
Ryan R. Cole, WSBA No. 62066
E-mail: rcole@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
Attorneys for Debtor

MOTION FOR ORDER AUTHORIZING INTERIM USE OF
CASH COLLATERAL - 10

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4930-7942-5165, v. 2