Hon. Timothy W. Dore
Chapter 11, Subchapter V
Location: Seattle – Courtroom 8106
Hearing Date: May 15, 2026
Hearing Time: 9:30 a.m.
Response Date: May 8, 2026

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>LOIS MIRIAM LLC,<br><br>           Debtor. | NO. 26-10402-TWD<br><br>**DEBTOR'S MOTION TO ASSUME AN UNEXPIRED LEASE** |

## I.       INTRODUCTION

Lois Miriam LLC, the debtor-in-possession ("**Debtor**"), by and through its undersigned counsel, hereby moves the Court to grant this *Debtor's Motion to Assume An Unexpired Lease* (this "**Motion**") and enter an order authorizing the Debtor to assume the Lease Agreement, as defined herein. This Motion is made pursuant to Section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013 of the Local Rules of Bankruptcy Procedure for the Western District of Washington (the "**Local Rules**").

## II.       JURISDICTION AND VENUE

The United States Bankruptcy Court for the Western District of Washington (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

DEBTOR'S MOTION TO ASSUME AN UNEXPIRED
LEASE - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 26-10402-TWD    Doc 55    Filed 04/22/26    Ent. 04/22/26 12:22:35    Pg. 1 of 4

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

The Court is the proper venue pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.     EVIDENCE RELIED UPON

This Motion relies on the *Declaration of Brian Smith in Support of Motion to Assume An Unexpired Lease* (the "**Smith Declaration**") submitted contemporaneously herewith, any exhibits attached thereto, and the pleadings and papers on file with this Court. The Debtor reserves the right to introduce additional evidence as may be required by this Court at, or prior to, the hearing on this Motion.

### IV.     BACKGROUND

**A.     General Background**

On February 9, 2026 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11, subchapter V of the Bankruptcy Code (this "**Bankruptcy Case**"). Smith Decl. at ¶ 3. The Debtor remains in possession of its assets and continues to operate its business as a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. *Id*. Additional information concerning the Debtor's history, business operations, and the events leading to the commencement of this Bankruptcy Case is provided in the *Declaration of Brian Smith in Support of the First Day Motions* (Dkt. No. 12).

**B.     Assumption of the Debtor's Unexpired Lease Agreement**

In 2021, Debtor purchased the business from Grub LLC (the "**Former Tenant**"). *Id*. at ¶ 4. As part of the sale, the Former Tenant assigned, and Debtor assumed, that certain *Lease Agreement – Multi Tenant Triple Net (NNN Lease)* entered into on March 22, 2016 (the "**Underlying Agreement**"), by and between McGraw Building LLC (the "**Landlord**") and the Former Tenant. *Id*. The Former Tenant assigned the Underlying Agreement to the Debtor, and the parties, along

DEBTOR'S MOTION TO ASSUME AN UNEXPIRED
LEASE - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587-0700 fax 206 587-2308

Case 26-10402-TWD    Doc 55    Filed 04/22/26    Ent. 04/22/26 12:22:35    Pg. 2 of 4
4902-9917-4050, v. 3

with the Landlord, contemporaneously amended it pursuant to that certain *Assignment and Assumption and First Amendment of Lease* dated April 1, 2021 (the "**First Amendment**"). *Id*. Landlord and Debtor amended the Underlying Agreement a second time pursuant to that certain *Second Amendment to Lease dated* April 1, 2021 (the "**Second Amendment**" and collectively with the First Amendment and the Underlying Agreement, the "**Lease Agreement**"). *Id*. Attached as Exhibit A to the Smith Declaration are true and correct copies of the Lease Agreement and amendments. *Id*.; Ex. A.

Pursuant to the Lease Agreement, Debtor leases restaurant and wine retail space located at 307 W. McGraw Street, Seattle, Washington 98119 ("**Property**") from the Landlord. *Id*. at ¶ 5. The Debtor desires to continue utilizing the Property for operation of its business. *Id*. Accordingly, the Debtor has determined in its business judgment that the estate and its creditors benefit from the assumption of the Lease Agreement. *Id*. Debtor is current on all rent payments under the Lease Agreement and no cure payments are necessary at this time. *Id*.

## V. ARGUMENT

### A. The Court Should Authorize the Assumption of the Unexpired Lease

Pursuant to Section 365 of the Bankruptcy Code and in compliance with Bankruptcy Rule 6006, a debtor-in-possession may, with court approval, assume an executory contract or unexpired lease. 11 U.S.C. § 365(a); Fed. R. Bankr. P. 6006. The Bankruptcy Code does not establish a standard for determining whether a debtor's decision to assume or reject an executory contract is appropriate. Generally, courts review a debtor's decision to assume an unexpired lease under the traditional "business judgement" standard. *See In re Huang*, 23 B.R. 798, 800-01 (9th Cir. BAP 1982).

Under the circumstances, assumption of the Lease Agreement constitutes an appropriate exercise of the Debtor's business judgment. Assumption will allow the Debtor to continue business operations in a space already designed for restaurant and wine retail services. The rent payments owed under the Lease Agreement are reasonable and will not hamper the Debtor's ability to

DEBTOR'S MOTION TO ASSUME AN UNEXPIRED LEASE - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4902-9917-4050, v. 3

Case 26-10402-TWD    Doc 55    Filed 04/22/26    Ent. 04/22/26 12:22:35    Pg. 3 of 4

confirm a plan. Accordingly, the Debtor respectfully requests that the Court authorize assumption of the Lease Agreement pursuant to 11 U.S.C. § 365(a), and in accordance with Bankruptcy Rule 6006.

**B.      Proper Notice Given**

Debtor has given proper notice of this Motion. Bankruptcy Rule 6006 requires that notice of a hearing on a motion to assume an unexpired lease must be given to: (a) the other party to the lease; (b) other parties in interest as the court orders; and (c) the United States Trustee. Fed. R. Bankr. P. 6006(c). Further, a debtor must give twenty-one (21) days' notice to the appropriate parties in accordance with Local Rule 9013-1. Bankr. W.D. Wash. R. 9013-1(d)(2)(F). Accordingly, the Debtor gave notice to the following creditors at least twenty-one (21) days prior to the hearing on this Motion: (a) all parties on the Master Mailing List; (b) the United States Trustee and his counsel; and (3) the Landlord. In light of the nature of the relief requested herein, the Debtor submits that due and proper notice has been given under the circumstances, and that no other or further notice is necessary.

<strong>VI.      CONCLUSION</strong>

WHEREFORE, the Debtor respectfully requests that Court authorize the assumption of the Lease Agreement and enter an order in the form proposed and submitted herewith

DATED this 22nd day of April, 2026.

CAIRNCROSS & HEMPELMANN, P.S.


*/s/ Steven M. Palmer*
Steven M. Palmer, WSBA No. 48823
E-mail: spalmer@cairncross.com
Ryan R. Cole, WSBA No. 62066
E-mail: rcole@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
*Attorneys for Debtor*

DEBTOR'S MOTION TO ASSUME AN UNEXPIRED
LEASE - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587-0700 fax 206 587-2308

4902-9917-4050, v. 3

Case 26-10402-TWD    Doc 55    Filed 04/22/26    Ent. 04/22/26 12:22:35    Pg. 4 of 4